UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PSO-

SAMUEL M. ALIA,

        Plaintiff,

        -v-

DAVE SAADAT,

        Defendant.

**DECISION AND ORDER**
13-CV-663S

## INTRODUCTION

Plaintiff Samuel M. Alia, proceeding *pro se*, has filed a complaint and application to proceed *in forma pauperis*. He also seeks the appointment of counsel. Plaintiff alleges that in 2006 the defendant, Dave Saadat, identified as the "Coordinator of Elders" in the Lancaster Congregation of Jehovah's Witnesses, photocopied his social security and I-94 identification cards, and has used his social security number to blackmail him as a criminal and prevent him from obtaining employment. Plaintiff further alleges that Saadat has decided to have him "killed under religious influence", and requests that the Court protect him from the defendant and make him stop blackmailing plaintiff. Plaintiff asserts federal question jurisdiction as the jurisdictional basis for his lawsuit, alleging that the defendant has deprived him of his civil rights.

Because plaintiff has met the statutory requirements, his application to proceed as a poor person is granted, 28 U.S.C. § 1915(a), but because, as explained below, there is no basis for subject matter jurisdiction over plaintiff's claims, the complaint is dismissed.

## DISCUSSION

A United States district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cit. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80, 2 L.Ed. 60 (1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), cert. denied 488 U.S. 967, 109 S. Ct. 495, 102 L. Ed. 2d 532 (1988) (citations omitted). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 671, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.") (citations omitted).

The basis for the subject matter jurisdiction of the federal district courts is limited. It is set forth generally in 28 U.S.C. §§ 1331 and 1332. Pursuant to these statutes, a district court's subject matter jurisdiction may be exercised only when a "federal question" is presented, or when the plaintiff and the defendants are of

diverse citizenship and the amount in controversy exceeds the sum or value of $ 75,000.00. See 28 U.S.C. §§ 1331, 1332. A plaintiff pursuing relief in a district court must plead facts which bring the claims within the court's subject matter jurisdiction. See, e.g., Gray v. Internal Affairs Bureau, 292 F.Supp.2d 475 (S.D.N.Y. 2003) (citation omitted). A plaintiff's failure to plead facts to bring the claims within the district court's jurisdiction warrants dismissal of the action. See Fed.R.Civ.P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative [.]"); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford, 711 F.2d 501, 503 (2d Cir.1983) (noting that courts must dismiss cases sua sponte for lack of subject matter jurisdiction).

As noted, plaintiff herein asserts federal question jurisdiction, but his claims do not come within the purview of 28 U.S.C. § 1331 (federal question or "arising under" jurisdiction). To bring a claim under a district court's arising under jurisdiction, a plaintiff must plead a colorable claim arising under the Constitution or laws of the United States. E.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when []he pleads a colorable claim arising under the Constitution or

3

laws of the United States.") (internal quotation marks omitted). The complaint suggests no basis for jurisdiction under § 1331, inasmuch as plaintiff is not suing under the Constitution or laws of the United States. To the extent that plaintiff's alleges that defendant is depriving him of his civil rights, his complaint can be construed as seeking to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983 ("§ 1983"). To state a claim under § 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (citation and internal quotation marks omitted); *see also, Rendell-Baker v. Kohn*, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) (affirming dismissal of § 1983 claim because defendants were not state actors); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law). Defendant Saadat is sued in his capacity as a member of the Jehovah's Witnesses Congregation, and plaintiff does not allege that he has acted under color of state law. As such, plaintiff has failed to state a claim that would be

4

cognizable under § 1983. The Court has considered whether plaintiff's allegations state a claim under any other federal civil rights statute, e.g., 42 U.S.C. §§ 1981, 1985, and concludes that they do not.

To the extent that plaintiff's allegations claim that defendant's actions violate criminal laws (*i.e.*, that defendant has blackmailed him and intends to kill him), the Court determines that no private cause of action would be available to plaintiff under any of the federal criminal statutes that might be implicated by his allegations against the defendant. *See, e.g., Pierre v. Guidry*, 75 Fed. Appx. 300, 2003 U.S. App. LEXIS 19276, at *301 (5th Cir. 2003) (plaintiff had no right to bring a private action under federal criminal statutes) (citing *Cort v. Ash*, 422 U.S. 66, 79, 45 L. Ed. 2d 26, 95 S. Ct. 2080 (1975); *Ennis Transp. Co. v. Richter*, 2009 U.S. Dist. LEXIS 15585, at *4 (N.D. Tex. 2009) ("It is well established that generally there is no private cause of action for the violation of a federal criminal statute, and thus no jurisdiction for federal courts to preside over a suit between private parties when the only federal law allegedly violated is criminal."); *King v. Keller*, 2006 U.S. Dist. LEXIS 35791, at *18-20 (D. Kansas) (citing cases declining to find an implied right of action in various federal criminal statutes), aff'd, 2007 U.S. App. LEXIS 475 (10th Cir. 2007); *Hill v. Didio*, 05-CV-1220 (FB)(LB), 2005 U.S. Dist. LEXIS 45710 (E.D.N.Y. 2005) (plaintiff's claims premised upon, *e.g.*, federal criminal statues pertaining to mail fraud, 18 U.S.C. §

1341 and embezzlement, 18 U.S.C. § 645, dismissed for lack of jurisdiction), aff'd 191 Fed. Appx. 13, 2006 U.S. App. LEXIS 15961 (2d Cir. 2006).

To the extent the allegations of the complaint might be construed as seeking to have the Court initiate criminal proceedings against the defendant, or to protect him from prospective criminal actions by the defendant, plaintiff is advised that this Court has no jurisdiction to conduct criminal investigations or to initiate criminal charges. *See, e.g., Bowman v. Schwendeman*, 2006 U.S. Dist. LEXIS 64126, at *8 (D. Ky. 2006) ("[T]his Court cannot impose criminal penalties against the defendants through the mechanism of a civil rights action, absent actions amounting to contempt of court. The law is clear that authority to initiate criminal complaints rests exclusively with state and federal prosecutors."). If plaintiff is seeking to initiate a criminal investigation or to protect him from prospective criminal conduct by the defendant, he should contact the relevant federal or state offices or agencies, *e.g.*, the police, the United States Attorney or the Erie County District Attorney, vested with enforcement of the criminal law.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice for lack of subject matter jurisdiction.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and his motion for the appointment of counsel is denied;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: Oct 30, 2013